IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE ILENE COHEN DURANGO,

    Plaintiff,

vs.                                                   CIV 11-0152 MCA/KBM

MATTHEW E. COHEN,

    Defendant.

# **ORDER IMPOSING SANCTIONS**

    **THIS MATTER** came before the Court on a Plaintiff's Motion for Sanctions *(Doc. 20)*. Having reviewed the motion, the memoranda submitted by the parties, the court file and the relevant authorities, I find it necessary to impose sanctions against Defendant to assure future compliance with the Federal Rules of Civil Procedure and Orders of this Court. In doing so, I incorporate the concise and cogent arguments and reasoning set forth in Plaintiff's briefs.

    In a very similar situation, Judge Gorsuch described the dilemma:

> How many times can a litigant ignore his discovery obligations before his misconduct catches up with him? The plaintiffs in this case failed to produce documents in response to a discovery request. Then they proceeded to violate not one but two judicial orders compelling production of the requested materials. After patiently affording the plaintiffs chance after chance, the district court eventually found the intransigence intolerable and dismissed the case as sanction. We affirm. Our justice system has a strong preference for resolving cases on their merits whenever possible, but **no one, we hold, should count on more than three chances to make good a discovery obligation**.

*Lee v. Max Intern., LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011)(emphasis added). On two occasions, June 27 and July 11 of this year, I directed Defendant "to produce any and all information he can in response to Plaintiff's discovery requests or to certify that the documents

do not exist." *See Clerk's Minutes at Docs. 17 & 19*. My last Order required this action take place "**no later than Monday, July 25, 2011.**" *Doc. 19* (emphasis in original). Defendant's response brief recites that "[a]n Affidavit signed reflecting that the financial records prior to 2006 cannot be located, and said Affidavit has been filed pursuant to the direction of the Court." *Doc. 23* at ¶2. Yet no such affidavit has been filed by today, much less by July 25, 2011.

Although I feel confident that I explained that severe sanctions could be imposed for failure to follow my directive, the hearing was neither recorded nor transcribed, and the clerk's minutes fail to show that such an admonition was given. Therefore, unlike the record in the *Lee* case, it is not clear whether I have yet warned Defendant that 'continued non-compliance will result in the harshest of sanctions.'" *Lee*, 638 F.3d at 1319. I do so now as I give Defendant a final opportunity to comply with his discovery obligations.

Wherefore,

**IT IS HEREBY ORDERED that no later than October 24, 2011, Defendant shall produce any and all information responsive to Plaintiff's discovery requests or certify subject to penalty of perjury that the documents do not exist. If Defendant fails to comply with this Order, he shall show cause why this Court should not recommend to the presiding judge that she impose severest sanctions which would likely include precluding evidence at trial, striking his defenses, granting judgment for Plaintiff.**

**IT IS FURTHER ORDERED** that Defendant pay to Plaintiff the amount of $2,500 in attorney fees and costs associated with this motion and previous attempts to secure these documents to which she is entitled.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE