IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE ILENE COHEN DURANGO,

           Plaintiff,

v.

                                      No. 1:11-cv-00152
                                      MCA/KBM

MATTHEW E. COHEN, individually,

           Defendant.

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

**COMES NOW** Plaintiff Jane Ilene Cohen Durango, represented by and through her attorneys of record, Keleher & McLeod, P.A., and respectfully moves the Court for an Order enforcing the settlement in this case.  In support of this motion, Plaintiff states:

      1.     On or about July 15, 1991, Selma Bandel Cohen entered into the Revocable Living Trust of Selma Bandel Cohen (hereinafter the "Trust Agreement").  The revocable trust established by the Trust Agreement is referred to herein as the "Trust."

      2.     Under the terms of the Trust Agreement, Selma Bandel Cohen was designated as both the Grantor and the Trustee of the Trust.

      3.     The Trust Agreement directed the Trustee, upon the death of the Grantor, to pay all taxes required to be paid as a result of the Grantor's death, and to divide the Trust into two separate and equal sub-trusts trusts, to be designated Trust A and Trust B, in accordance with certain provisions and guidelines set forth in the Trust Agreement.  Trust A was to be for the benefit of Matthew Cohen.  Trust B was to be for the benefit of Jane Durango.

4. Upon the death of Selma Bandel Cohen, pursuant to the terms of the Trust Agreement as successor Trustee to Selma Bandel Cohen, Matthew Cohen was designated as Trustee and Jane Durango was designated as successor Trustee.

5. On February 14, 2011, Jane Durango filed her Complaint for Breach of Trust, Removal of Trustee, Declaratory Judgment and Supplemental Relief.  (*See* Compl., ECF No. 1).

6. On November 4, 2011, Jane Durango and Matthew Cohen engaged in a mediation of this lawsuit.  The Honorable Wendy York served as mediator.

7. At the November 4, 2011 mediation, the parties entered into a Stipulation for Settlement in this case.  *See* Stipulation for Settlement, attached as **Exhibit A**.

8. The Stipulation for Settlement provided, in part, "Trust A will pay the total sum of $48,000.00 to the plaintiff and her attorney.  Payment will be made at the time the settlement documents are signed which shall be no later than sixty (60) days from November 4, 2011, unless a reasonable delay arises."

9. On November 8, 2012, counsel for the parties spoke and Mr. Threet agreed to provide draft documents to effectuate the settlement.  Mr. Threet provided Plaintiff's counsel with a draft "no contact" order.  On November 14, 2011, counsel for the parties spoke and Plaintiff's counsel agreed to redraft the "no contact" order and agreed that Mr. Threet would continue to draft the additional documents necessary to effectuate the settlement.

10. On January 4, 2012, counsel for the parties spoke and agreed upon a one week extension of the 60 day settlement document deadline.  One week later, on January 11, 2012, Mr. Threet informed Plaintiff's counsel that he did not have draft documents for

Plaintiff's review.  Mr. Threet further informed Plaintiff's counsel that he believed attorney Cody Kelley may take over representation of Matthew Cohen.  Plaintiff's counsel left a message for Mr. Kelley that day, inquiring into the status of his representation of Matthew Cohen.  To date, Mr. Kelley has not filed an entry of appearance in this matter and Mr. Threet remains Matthew Cohen's counsel of record.

11. On January 13, 2012, Plaintiff's counsel provided Mr. Threet with draft documents to effectuate the settlement and requested Matthew Cohen's position on those documents.  *See* 1/13/12 letter to Threet, attached as **Exhibit B**.  Mr. Threet did not provided a response.

12. On January 18, 2012, Mr. Kelley contacted Plaintiff's counsel and stated that he would be taking over the representation of Matthew Cohen.  Plaintiff's counsel provided Mr. Kelley with a copy of the draft documents previously provided to Mr. Threet and again requested Matthew Cohen's position on those documents.  *See* 1/18/12 email to Kelley, attached as **Exhibit C**.

13. On January 20, 2012, Mr. Kelley and Plaintiff's counsel discussed the settlement of this case and Mr. Kelley requested additional time in order to have a trust attorney review the draft documents.  Plaintiff's counsel agreed, with the provision that Mr. Kelley would provide Plaintiff with a copy of the current Vanguard account statement so that Plaintiff could confirm its balance.  Mr. Kelley agreed to provide the Vanguard Statement by the following week.  To date, no statement has been provided.

14. On February 10, 2012 and February 14, 2012, Plaintiff's counsel contacted Mr. Kelley to inquire about the status of the settlement documents.  Mr. Kelley said that he was working with a trust attorney and would get back to Plaintiff's counsel the

following week. On February 23, 2012, Plaintiff's counsel left a message for Mr. Kelley, again inquiring about the status of the settlement documents. To date, Plaintiff's counsel has not heard back from Mr. Kelley.

15. At present, more than three months have passed from the deadline contemplated by the Stipulation for Settlement. In those three months, neither Mr. Threet nor Mr. Kelley have provided any draft settlement documents, nor have they provided any comments upon or an acceptance of, the settlement documents proposed by Plaintiff. In addition, Plaintiff has not received a copy of the Vanguard statements, and has no assurance that the settlement funds still remain in that account.

16. Pursuant to the settlement agreement, Matthew Cohen owes Plaintiff $48,000.00 and must also transfer Trust B's Vanguard account into Jane Durango's name. Further, that account must contain at least $169,232.20 minus only any documented investment losses or documented ordinary and necessary expenses related to the property at 3716 Mesa Verde NE charged equally to Trust A and Trust B prior to November 4, 2011. *See* Exhibit A.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1. Enforcing the terms of the parties' "Stipulation for Settlement" which was reached on November 4, 2011;

2. Awarding Plaintiff her attorneys' fees and costs incurred in bringing this Motion; and

3. For such other relief as the Court deems proper.

-5-

        Respectfully submitted,

        KELEHER & McLEOD, P.A.

        By */s/Hari-Amrit Khalsa*
        Spencer Reid
        Hari-Amrit Khalsa
        Keleher & McLeod, P.A.
        201 Third NW, 12th Floor
        P. O. Box AA
        Albuquerque, NM 87103
        Phone: (505) 346-4646
        Fax: (505) 346-1370
        sr@keleher-law.com
        hak@keleher-law.com
            *Attorneys for Plaintiff Durango*

I HEREBY CERTIFY that on March 8, 2012, I caused to be filed the foregoing electronically through the CM/ECF System, which caused all parties and/or counsel of record to be served by electronic means.

*s/Hari-Amrit Khalsa*
Hari-Amrit Khalsa

146274