## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JANE ILENE COHEN DURANGO,**

      Plaintiff,

  vs.                          **No. 1:11-CV-00152-MCA-KBM**

**MATTHEW E. COHEN,**

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Magistrate Judge's *Report and Recommendation on Motion to Enforce Settlement Agreement* [Doc. 63], which recommended that *Plaintiff's Motion to Enforce Settlement Agreement* [Doc. 31] be granted and that appropriate sanctions be imposed against Defendant for bad faith.  On July 11, 2012, Defendant timely filed *Defendant's Objections to Magistrate Judge's Report and Recommendation.* [Doc. 64]

### I.   BACKGROUND

On March 8, 2012, Plaintiff filed a *Motion to Enforce Settlement Agreement.* [Doc. 31]  In her motion, Plaintiff noted that the parties had entered into a Stipulation for Settlement on November 4, 2011. [Doc. 31 at 2]  "The Stipulation for Settlement provided, in part, that 'Trust A will pay the total sum of $48,000.00 to the plaintiff and her attorney.  Payment will be made at the time the settlement documents are signed which shall be no later than sixty (60) days from November 4, 2011, unless a reasonable

delay arises.'"  [Id.]  On January 13, 2012, Plaintiff's counsel drafted proposed closing

documents and submitted them to Defendant's counsel, Mr. Threet, for approval.  [Id. at

3]  Mr. Threet subsequently withdrew his appearance and was replaced with Mr. Kelly.

Plaintiff submitted her proposed closing documents to Mr. Kelly.  Three months later,

Plaintiff filed a motion seeking to enforce "the terms of the parties' 'Stipulation for

Settlement' which was reached on November 4, 2011" and an award of "attorneys' fees

and costs incurred in bringing" the motion. [Id. at 4]

        In the Report and Recommendation, the Magistrate Judge found that "it took more

than four months after the successful mediation for Defendant to come forth with any

written proposal, and then only in response to the instant motion to enforce."  [Doc. 63 at

3]  The Magistrate Judge further found that:

> Defendant's proffered version of the agreement, however, differs
> **significantly** from the terms of the written stipulation for settlement
> executed November 4, 2011.  As Plaintiff notes, pursuant to the mediation
> before Wendy York, the parties agreed that:
>
>> Matthew Cohen owes Plaintiff $48,000.00 and must also
>> transfer Trust B's Vanguard Account into Jane Durango's
>> name.  Further, that account must contain at least $169,232.20
>> minus only any documented investment losses or documented
>> ordinary and necessary expenses related to the property at
>> 3716 Mesa Verde NE charged equally to Trust A and Trust B
>> prior to November 4, 2011.
>
> *Doc. 31 at 4; see Doc. 31-1.*  But Defendant's draft of a final agreement: (1)
> fails to even mention the Vanguard account, much less Mr. Cohen's
> obligations with regard to that account; (2) fails to indicate that the 'no
> contact' provision applies to the parties or their immediate families; (3) and
> imposes many material terms not shown to have been contemplated by the

2

parties on November 4, [2011].[1]  *Compare Doc. 35-1* (Defendant's Draft), *with Doc. 31-1* ("Stipulation for Settlement").  In short, I agree with Plaintiff that Defendant has "proposed a new and different settlement, highly prejudicial to Plaintiff."  *Doc. 36* at 2.

[Doc. 63 at 4 (emphasis in original)]  Accordingly, the Magistrate Judge determined that "the Stipulation for Settlement reached and executed on November 4, [2011] is fully binding on the parties and must be enforced.  In the absence of enforcement, Plaintiff's rights will be, and may have already been, prejudiced." [Doc. 63 at 5]

The Magistrate Judge further found that Defendant, as a trained attorney, although now disbarred in the state of New Mexico, understood that the terms of the Stipulation for Settlement were binding and was so advised by his former attorney, Mr. Threet. Nonetheless, Defendant engaged in numerous acts to "delay[] the inevitable in an attempt to thwart Plaintiff from obtaining the benefits of her bargain," [id.], even though Defendant previously had been warned about "the imposition of sanction in the event of any violations." [Doc. 63 at 6]  Therefore, the Magistrate Judge found that Defendant had acted in bad faith and recommended that the Court "not only enforce the settlement as accurately set forth in the Plaintiff's drafts of closing documents, but impose significant sanctions against Defendant Cohen, including all attorneys fees and costs incurred from the settlement date of November 4, [2011] to today."  The Magistrate Judge further

---

[1]The Report and Recommendation occasionally lists the settlement date as November 4, **2012**, rather than November 4, **2011**.  The Court finds that this was a typographical error that does not otherwise undermine the accuracy of the Magistrate Judge's factual findings.  Thus, throughout this *Order Adopting Report and Recommendation*, the Court has amended the typographical error to accurately reflect the parties' settlement date of November 4, 2011.

recommended "cautioning Defendant that even greater sanctions may be imposed, including judgment against him, should he disregard any of the orders entered in this case." [Doc. 63 at 6-7]

In his Objections to the Report and Recommendation, Defendant contends that: (1) the Magistrate Judge's recommendation that the Court enforce the settlement agreement as accurately reflected in the Plaintiff's closing documents is vague and inconsistent with the Magistrate Judge's findings and the parties' intent; (2) the Magistrate Judge had no authority to consider the issue of sanctions against Defendant; and (3) the Magistrate Judge's Report and Recommendation regarding sanctions is contrary to law. [Doc. 64]

## II.    STANDARD

This Court has conducted a de novo review of this matter.  The Court's review of the Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3).  The District Court must review de novo "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); see also § 636(b)(1)(C).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); see also § 636(b)(1)(C).  In conducting its de novo review, the District Court is not required to make specific findings but instead may indicate that it has undertaken the requisite review.  See Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).

## III.    DISCUSSION

4

A.      *The Report And Recommendation Is Not Vague And Inconsistent*

Mr. Cohen does not object to the Magistrate Judge's finding that the November 4, 2011 Stipulation for Settlement contains the agreement of the parties.  [See Doc. 64 at 6] Rather, Defendant objects to the Magistrate Judge's finding that the closing documents prepared by Plaintiff's counsel accurately reflects the parties' November 4, 2011 settlement agreement.  Specifically, Defendant argues that:

> The parties' settlement must be their agreement.  The magistrate judge finds that the parties' agreement is the Stipulation.  She cannot then recommend something other than their agreement to be their settlement agreement, much less some version of documents that is unidentified by the court.

[Doc. 64 at 6]  As the Magistrate Judge recognized, the parties' Stipulation for Settlement contemplated that final closing documents incorporating the parties' agreement would be drafted by the parties and submitted to the Court.  [See Doc. 63 at 2 ("As is common after reaching such an negotiated agreement, counsel for Plaintiff then drafted the closing documents called for by the stipulation and submitted them for approval on January 13, 2012."; see also Doc. 31-1 at 1 (requiring payment to be "made at the time the settlement documents are signed which shall be no later than sixty (60) days from November 4, 2011, unless a reasonable delay arises").  Plaintiff drafted a set of final closing documents, per the parties' November 4, 2011 Stipulation for Settlement, and submitted them to Defense counsel on January 13, 2012.  [Id.]  These documents are not "unidentified," rather they were properly identified by the Magistrate Judge and were attached to Plaintiff's *Motion to Enforce Settlement Agreement* as Exhibit 2. [See Doc.

31-2]  Accordingly, The Court concludes that Defendant's objection is frivolous and will be rejected.  The objection is overruled.

The Court has conducted a de novo review of the record and determined that the remainder of Defendant's objections to the Magistrate Judge's factual findings are similarly frivolous.  Therefore, these objections will also be rejected and overruled.  The Court will adopt the Magistrate Judge's factual findings and recommendation to enforce the November 4, 2011 Stipulation for Settlement as accurately reflected in the Plaintiff's drafts of closing documents.

B.     *Magistrate Judge Had The Authority To Consider Sanctions*

Defendant next contends that the Magistrate Judge had no authority to consider the issue of sanctions because the District Court's *Order of Reference* was limited to the enforcement of the settlement agreement.  [Doc. 64 at 7]  On June 5, 2012, the Court referred this case "to Chief United States Magistrate Judge Karen B. Molzen to convene proceedings relating to the enforcement of the settlement agreement" and to "submit an analysis, including findings of fact, if necessary, and recommended disposition, to the District Judge assigned to the case, with copies provided to the parties." [Doc. 52]  In her *Motion to Enforce Settlement Agreement*, Plaintiff requested an award of "attorneys' fees and costs incurred in bringing this Motion" and "other relief as the Court deems proper." [Doc. 31 at 4]  In her reply brief, Plaintiff reiterated her request for "attorneys' fees and costs" and specifically requested "an amount not less than $2,000." [Doc. 36 at 3] Because the issue of attorneys' fees and costs was related to the enforcement of the

6

settlement agreement, the Court concludes that the issue was referred to the Magistrate

Judge pursuant to the Court's June 5, 2012 *Order of Reference*.  Accordingly,

Defendant's argument that the Magistrate Judge exceeded the scope of her authority is

rejected, and this objection is overruled.

C.     *The Report And Recommendation Regarding Sanctions Is Not Contrary To Law*

Lastly, Defendant contends that the Magistrate Judge's recommendation regarding

sanctions lacks support because "the magistrate judge does not make a finding that Mr.

Cohen acted in bad faith, vexatiously, or for oppressive reasons.  The magistrate judge

provides no legal reasoning regarding her recommendation of sanctions."  [Doc. 64 at 9]

It is well established that the "federal courts have inherent power to assess attorney's fees

against counsel" when "a party has acted in bad faith, vexatiously, wantonly, or for

oppressive reasons."  Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991) (internal

quotation marks and citation omitted).

> The imposition of sanctions in this instance transcends a court's equitable
> power concerning relations between the parties and reaches a court's
> inherent power to police itself, thus serving the dual purpose of
> vindicat[ing] judicial authority without resort to the more drastic sanctions
> available for contempt of court and mak[ing] the prevailing party whole for
> expenses caused by his opponent's obstinacy.

Id. at 46 (internal quotation marks and citation omitted; alterations in original).  Such

awards are punitive and, therefore, "appropriate only in exceptional cases and for

dominating reasons of justice."  Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.,

470 F.3d 947, 953 (10th Cir. 2006) (internal quotation marks and citation omitted); see

7

also Hall v. Cole, 412 U.S. 1, 5 (1973) (holding that such awards are, "of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant.").

In this case, the Magistrate Judge's recommendation regarding the imposition of sanctions was predicated on her finding that Defendant had acted in "bad faith." [Doc. 63 at 1]  Specifically, the Magistrate Judge found that Defendant had "'buyer's remorse' over the terms he accepted at the mediation" and that he was "delaying the inevitable in an attempt to thwart Plaintiff from the obtaining the benefits of her bargain." [Doc. 63 at 4, 5]  In support of her finding of bad faith, the Magistrate Judge relied on the following facts:

- Defendant waited four months after the execution of the Stipulation for Settlement to submit his proposed closing documents and then only in response to Plaintiff's Motion to Enforce Settlement Agreement; [Doc. 63 at 3]
- Defendant's proffered version of the agreement differed **significantly** from the terms of the written Stipulation for Settlement.  Specifically, it: (1) failed to mention the Vanguard account; (2) failed to incorporate the "no contact" provision; and (3) imposed many material terms not contemplated by the parties; [Doc. 63 at 4]
- As a trained attorney, although now disbarred in New Mexico, Mr. Cohen understood that the terms of the Stipulation for Settlement were and are binding.  Indeed, his former attorney, Mr. Threet, so advised him; [Doc. 63 at 4]
- Defendant cashed checks drawn on Trust B totaling $35,184.42 between June 1, 2011 and April 30, 2012; [Doc. 63 at 5]
- Defendant has cashed checks totaling $18,501.26 between the settlement and April 30, 2012; [Doc. 63 at 5]
- all checks written from Trust B from April 2011 through April 2012 were made out to either Defendant (personally or as Trustee of the Trust) or his wife, Dedrie; [Doc. 63 at 5]

8

- check numbers 1052, 1057, 1059 and 1060 are still unaccounted for, thus, the amount and number of checks written from Trust B may be even higher; [Doc. 63 at 5]
- Defendant violated the no contact provision of the settlement agreement and the Stipulated No Contact Order by contacting Plaintiff's son, Pablo Durango-Cohen on May 10, 2012; [Doc. 63 at 5]
- Per the Stipulation for Settlement, Defendant was required to resign as the trustee of Trust B no later than January 11, 2012, but he failed to do so and continued writing checks from Trust B.  The Magistrate Judge removed Defendant as trustee of Trust B and ordered him to provide counsel for Plaintiff "all checkbooks and all checks relating to Trust B's assets, including but not limited to all checkbooks and all checks for Trust B's Vanguard accounts and checks numbers 1052, 1057, 1059, and 1060 for Trust B's Vanguard accounts [and] the May 2012 Vanguard account statement for Trust B by June 11, 2012" [Doc. 63 at 5-6; see Doc. 57]
- On June 14, 2012 Defendant filed a Motion to Dismiss for Lack of Subject Matter jurisdiction that the District Court found "to be the latest in a series of tactics to delay, disobey, or otherwise frustrate the Court's orders." [Doc. 63 at 6, quoting Doc. 62 at 3]

The Court has conducted a de novo review of the record and finds that the Magistrate Judge's finding of bad faith is well-supported by the facts.  The Court, therefore, will adopt the Magistrate Judge's findings of fact and the Magistrate Judge's recommendation to impose sanctions on Defendant, including all attorney fees and costs incurred from the settlement date of November 4, 2011 to today. [Doc. 63 at 6]  The Court also cautions Defendant that even greater sanctions may be imposed, including judgment against him, should he disregard any of the orders entered in this case. [Id.]

## III.   CONCLUSION

For the foregoing reasons, the Court rejects and overrules Defendant's objections to the Magistrate Judge's Report and Recommendation.

**IT IS THEREFORE HEREBY ORDERED** that the Magistrate Judge's *Report and Recommendation on Motion to Enforce Settlement Agreement* is adopted by the Court.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Enforce Settlement Agreement* [Doc. 31] is **GRANTED**.

**IT IS FURTHER ORDERED** that sanctions are imposed against Defendant in the amount of Plaintiff's reasonable attorneys' fees and costs incurred from the settlement date of November 4, 2011 to the date of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's attorneys submit to the Court on or before September 25, 2013, affidavits and time records documenting the amount of attorneys' fees and costs incurred from the settlement date of November 4, 2011 to the date of entry of this Order.

**SO ORDERED** this 16th day of September, 2013, in Albuquerque, New Mexico.


M. CHRISTINA ARMIJO
Chief United States District Judge

10